Cause _____ 82,114-02

| In re Yisrayl Hawkins, | § | In the Court of |
|---|---|---|
| Relator; | § | Criminal Appeals |
| Judges of State District | § | of Texas |
| Courts 195th Dallas and | § | at Austin, Texas |
| 401st Collin, Counties, | § | |
| Respondents. | § | |

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

## Writ of Mandamus

Came on to be heard the above styled and numbered cause of action, Defendant filing motion for Writ of Mandamus, and Defendant filing material evidence, being favorable to the accused; Court having examined the same, finds: that Convictions for Dallas Causes F04-27417 and F04-27433 are false, void, and barred by time limit; that Conviction for Collin County cause 401-81177-2013 cannot be sustained, and is false. WHEREFORE Court orders the 195th State District Court, Dallas County, Texas to reverse convictions for causes F04-27417 and F04-27433 and dismiss the same; and orders the 401st State District Court, Collin County, Texas to reverse conviction for cause 401-81177-2013 and dismiss the same; and that clerk of this court serve notice on relator and respondents.

Certified this the _____ day of _____, 20___.

_____          _____
Justice                                                    Justice

_____          _____
Justice                                                    Justice

_____          _____
Justice                                                    Justice

Cause _____

| | | |
|---|---|---|
| In re Yisrayl Hawkins, | § | In the Court of |
| Relator; | § | Criminal Appeals |
| Judges of State District | § | of Texas |
| Courts in 195th Dallas County | § | at Austin, Texas |
| and in 401st Collin County, | § | |
| Respondents. | § | |

## Motion for Writ of Mandamus

COMES NOW Yisrayl Hawkins, in his name and by the authority of the law of the land, the Relator in the above styled and numbered cause.

## TO THE HONORABLE JUSTICES OF SAID COURT:

Yisrayl Hawkins has made unsworn declarations and enclosed the same that is clearly Material Evidence; Relator has filed charging Instruments styled in Dallas County and Numbered F04-27417 and F04-27433 when he was incompetent and hereby includes them by reference to Tex. Crt. Crim. App. WR-82,114-01. On July 27, 2007 Yisrayl Hawkins was deprived of liberty without due process of law in violation of the 14th amendment of the U.S. Constitution imposed upon the State of Texas by article 6 of same Constitution when Judge of the 195th State District Court, Dallas County, Texas entered a guilty verdict in Causes F04-27417 and F04-27433 before Yisrayl Hawkins was properly bound

to answer by service of indictment. Yisrayl Hawkins's testimony before the court of Dallas County District Court 195th is null and void as if it had never been spoken before, said court was and remains incompetent. Said court is Coram Non Judice, the 195th State District Court has never been vested to hear the matters alleged and no grand jury presented a valid indictment, and so court's inquisition is violation of Texas Constitution, Article I, Section 10, and U.S. Constitution Amendment Numbers 5th and 6th; therefore convictions are null and void. Relator asserts his innocence. On March 2, 2015 Yisrayl Hawkins was deprived of liberty without due process of law in violation of the 14th amendment of the U.S. Constitution imposed upon the state of Texas by article 6 of same Constitution when Judge of the 401st State District Court, Collin County, Texas entered a guilty verdict in Cause 401-81177-2013 without: proving convictions alleged to be true and product of due process, and examination of alleged indictments in violation of Texas Penal Code §2.01. Relator requests writ of mandamus to reverse and dismiss all three convictions. Take notice of all law and facts (T.R.AP. Rule 20.2, Tex. Rule Evidence 201(d)).

Yisrayl Zadak Hawkins     17th day March, 2015

Page 2

## Cause 401-8117-2013
## Defendant's Complaint

I, Yisrayl Zadok Hawkins, on 27th day of July, 2007, stood before a judge's bench in the 195th Criminal District Court of Texas, in Dallas County, Texas. I have not been served a valid indictment in Dallas County, not even to this day. I do not know location related to matters alleged, and numbered F04-27417 and F04-27433, and I am innocent.

I have hereby confuted convictions alleged by defective indictment 401-81177-2013 in Collin County, Texas.

I, Yisrayl Zadok Hawkins, so #320661, being presently incarcerated in Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March, 2015 by Yisrayl Zadok Hawkins

(Tex. App. — Eastland 2003, pet ref'd). Also underlying conviction is barred by time. Farrar v. State, 95 S.W.3d 648 (Tex. App. — Eastland 2002, no pet.). Remedy is to amend indictment or dismiss cause. Defendant does not know what he did wrong, nor what action he might have taken to avoid arrest. There must exist an error or omission on the part of the state.

8/1/77-2013

I am convinced I am actually innocent, and I am certain I am not guilty. I am convinced the judge is deceived: or he would have let me go free. I am certain all evidence was not presented and not all laws applicable declared, neither was a perfect charge of the court prepared in writing. I know due process was not truly followed, but justice took a detour. The indictment is defective: so that Defendant does not know what the alleged crime is, but the indictment seems like it is jurisdictionally valid if the defendant was actually guilty of a crime. The indictment does not set forth any act of recklessness while it does claim Defendant to have been reckless. Said omission violates Article 21.15 of the Texas Code of Criminal Procedure, making the written instrument unintelligible words which violates Article 21.02 (7) and 21.03. Because of missing element Proof Beyond a Reasonable Doubt for every element is unprovable, and State cannot meet its duty for Burden of Proof mandated by Article 2.01 of the Texas Penal Code. But if Defendant had knowingly and intentionally committed a crime he would be guilty, but Defendant did not testify regarding his intention or knowledge of any crime. Defendant took careful knowing and intentional actions to avoid any crime, and he is unaware of any act of recklessness. Being charged with an offense gives rise to no inference of guilt at Defendant's trial (§2.01 Penal Code) Defendant is innocent until proven guilty impartially (§1.05 crim. Proc.)

CAUSE 401-81177-2013

## Summary of Case

Yisrayl Zadok Hawkins is a celibate Deacon who is a professional software developer. He noticed a problem with multiple addresses when he resided at lot 154 that did not have a mailbox, and his mailing address was 4225 FM 603, LOT 154, C/O LOT 135, Clyde, Texas, 79510, when he reported to Arlinda Williams, Callahan County Sheriff's Office in Baird, Texas every 90 days. He knew there was a bug in registration software and database when Arlinda claimed he was required to "check out" before he could visit Dallas, Texas Area to work temporarily.

Before his arrest April 5, 2013, he kept up multiple residences, which is required before he can complete a meaningful application to pursue arrangements for marriage.

His arrest on April 5, 2013 is shocking and the indictment confusion to him. Defendant objects to alleged indictments, and he asserts his innocence in all three matters.

Yisrayl Zadok Hawkins

# Character Witness Testimony

I, Yisrayl Zadok Hawkins, am a Deacon. I was ordained in 1999.

I am celibate; I am not a sexual predator.

I, Yisrayl Zadok Hawkins, SO# 320661, being presently incarcerated in the Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March, 2015 by Yisrayl Zadok Hawkins

I, Yisrayl Zadok Hawkins, am a professional computer software developer. I have programmed computers since the 1970s.

    I believe the state's registration database when holding a record pursuant to Texas Code of Criminal Procedure, Article 62.051 cannot simultaneously store another record for the same person pursuant to Texas Code of Criminal Procedure, Article 62.059. I believe that the Database Table holding addresses has an unique primary key which is likely named SID (State ID Number), providing a database constraint.

I, Yisrayl Zadok Hawkins, SO #320661, being presently incarcerated in the Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March, 2015, by Yisrayl Zadak Hawkins

I, Yisrayl Zadok Hawkins, presented myself inside the Dallas North Police Station during 2012 to report, so police could perform registration.

I, Yisrayl Zadok Hawkins, have intentionally and knowingly retained the same address from July 2012 until I was unconstitutionally arrested on April 5, 2013, namely, 4000 Central Expressway, Lot 360, Plano, Texas, which was my most stable address. I carefully paid my rent personally to the office, and did not rely on mail. I generally paid on a Sunday by the drop box in the office door, and checked my mailbox, which is several blocks north of lot 360. I never received any mail from Plano Police during that time frame. I carefully reported every 90 days, and was never late for those appointments. I retained a special phone number to ensure I stayed in contact, but I misplaced its battery. I still do not know location of said battery. I, Yisrayl Zadok Hawkins, SO#320661, being presently incarcerated in Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of March, 2015 by Yisrayl Zadok Hawkins

## Defendant's Response

The indictment for cause 401-81177-2013 alleges recklessness, but does not set forth act(s) of recklessness as required by article 21.15 of the Texas Code of Criminal Procedure. Charging instrument falls short of requisite (7); as required by article 21.02, setting forth an old and new address with an on or about date would render the charging instrument intelligible to the falsely accused Defendant. Defendant knows that he has not intentionally or knowingly changed his address from July 2012 until his unconstitutional arrest April 5, 2013. Defendant deems indictment insufficient and asserts it causes a harmful error and does prejudice the substantial right of the defendant as set forth in Section 10 of Article I of the Texas Constitution, and the fifth and sixth amendments of the United States Constitution, which is bound upon judges, legislators, and officers of the serveral states including the State of Texas by Article VI of the United States Constitution. Defendant was not duly convicted and prison sentence violaltes the thirteenth amendment of United States Constitution.

CAUSE 401-81177-2013
# MOTION FOR DISCOVERY

| State of Texas | § In the 401st State |
|---|---|
| v. | § District Court of |
| Yisrayl Hawkins | § Collin County, Texas. |

COMES NOW Yisrayl Hawkins, in his name and by the authority of this unsworn declaration in the above styled and numbered cause.

TO THE HONORABLE JUDGE OF SAID COURT:

Yisrayl Hawkins has been served indictment in cause 401-81177-2013, Collin County, Texas. Said instrument had official file stamp, and charges Yisrayl Hawkins, and so he believes above styled court has authority over cause. Being so accused, Yisrayl Hawkins has Rights of Accused set foreward in article 1.05 of the Texas Code of Criminal Procedure, namely, including, "He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." WHEREFORE, Yisrayl Hawkins demands copies of indictments for Collin County Cause 401-81177-2013 which he does not have in his cell, and he demands copies of indictments for Dallas County Causes F04-27417 and F04-27433 to be used to present at trial as evidence in his defense. I, Yisrayl Zadok Hawkins, so #320661, being presently incarcerated in Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury the foregoing is true and correct. Executed 14th day of March, 2015 by Yisrayl Zadok Hawkins

# CAUSE 401-81177-2013
## DEFENDANT'S STATEMENT OF INDIGENCEY

I, Yisrayl Zadok Hawkins, am the defendant accused in cause 401-81177-2013, Collin County, Texas; I am detained in the Collin County Detention Facility; and so: I no longer have means of any meaningful monthly income, and my bank account is zero or less, and no longer have title to any motor vehicle, and do not own a home. I am not financially able to employ counsel. For the purposes of Articles 1.051, 26.04, and 26.05 of the Texas Code of Criminal Procedure, I am indigent.

I, Yisrayl Zadok Hawkins, SO#320661, being presently incarcerated in Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury the foregoing is true and correct.

Executed this the 14th day of March, 2015 by Yisrayl Zadok Hawkins

No. 401-81177-2013

The State of Texas §

v. §

YISRAYL HAWKINS §

Defendant §

In the ____401____ Court

of

Collin County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☒ is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐ the defendant has waived the right of appeal.

SIGNED THIS ____2nd____ day of ____March____, 20 15.

COURT'S COPY SIGNED BY JUDGE _____
JUDGE PRESIDING

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

COURT'S COPY SIGNED BY DEFENDANT
Defendant
Printed Name: Yisrayl Hawkins
Address: 3535 S Lake Dr Apt 104
Texarkana TX 75501

Telephone No.: 903-223-3747
Fax No. (if any): _____

COURT'S COPY SIGNED BY DEFENSE COUNSEL
Defendant's Attorney
Printed Name: Robert Oke Hultkrantz
State Bar No.: 50511610
Address: 2035 Central Circle, Suite 210
McKinney TX 75069

Telephone No. 972-562-8900
Fax No. (if any): 972-529-6853

(Obstructionist) — Ignores Letters & Calls

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Revised:03/27/2012

5

CAUSE 401-81177-2013

| | | |
|---|---|---|
| The State of Texas | § | In the 401st State District Court |
| | § | |
| v. | § | of |
| | § | |
| Yisrayl Hawkins | § | Collin County, Texas |

<u>Defendant's Notice of Appeal</u>

I, Yisrayl Zadok Hawkins, the Defendant, certify that sentence is illegal due to jurisdictional defects of underlying alleged convictions: so that conviction in instant case shall always be constitutionally false: so that any sentence of punishment is illegal. The alleged convictions set forth in the underlying alleged cases are false, null, and void. Tex. Const., Art. I, §10; Nix v. State, 65 S.W. 3d 664 (Tex. Crim. App. 2001). Underlying informal indictments are not filed since same were not found. Defense objected to alleged indictments pretrial. Defendant hereby appeals any and all sentences and/or convictions: so that the appellate court has jurisdiction to correct the illegal sentence(s). Mizell v. State, 119 S.W.3d 804 (Tex. Crim. App. 2003). Appeal is meritorious because the sentence is illegal. Appeal is not for delay, but to see justice done for Defendant.

I, Yisrayl Zadok Hawkins, so #320661, presently incarcerated in the Collin County Detention Facility, Collin County, Texas, do declare under penalty of perjury that I beleive the foregoing is true and correct.

Executed by Yisrayl Zadok Hawkins, on 5th day of March, 2015.

CAUSE 401-81177-2013

| State of Texas | § | In the 401st State |
| v. | § | District Court of |
| Yisrayl Hawkins | § | Collin County, Texas. |

## Defendant's Declaration

I. On Sunday, March 8, 2015, I, Yisrayl Hawkins, Defendant in the above styled and number cause, reviewed Texas Penal Code §6.02 and §6.03. The culpability element of the alleged crime was unknown to the Defendant at the time of the bench trial on March 2, 2015.

II. He has repeatedly requested by unregistered mail to his attorney an enumeration of all the elements of the alleged crime. Defendant has to show undue diligence?

III. Defendant has Right to submit written Testimony. Defendant has prepared this Unsworn Declaration

IV. Defendant believes this new evidence should bring about a different result. Pursuant to Tex. Rules of Evidence, Rule 201(d), Defendant Requests Judical Notice of Texas Penal Code §2.01, §6.02, §6.03, and of Texas Code of Criminal Procedure §40.001.

I, Yisrayl Zadok Hawkins, SO#320661, being presently incarcerated in Collin County Detention Facility, in Collin County, Texas, do declare that under the penalty of perjury, I believe the foregoing is true and correct.

Executed by Yisrayl Zadok Hawkins, on 8th Day of March 2015

Defects in Indictment 401-81177-2013 May 16, 2013.
Truths in Indictment " "

1. Indictment was filed May 16, 2013.
   has subject-matter jurisdiction (TX Const. Art I, §10).
2. Indictment charges a Person with an Offense
   Person named is Yisrayl Zadok Hawkins
   Offense is obscure.
   Language says failure to report change of address
      Address, noun. 1. the place where a person is located.
      2. the location and name of the intended
   recipient indicated on a piece of mail.
      Addressee, noun. one to whom mail is addressed.
   Motivations.
      Defendant must ensure that he has secure mailbox
         to receive driver's license that takes six weeks
         to receive mail from (Plano) Police
         to have location he controls regardless of contract termination 30 DAY
         to have address to report each 90 day term
      Defendant always knows his own physical location.
      Defendant cannot predict any future location.
   Culpability is required element (Penal §6.02 (b)) (§2.01)
      because Definition of offense is not found.
   Questions:                                        Answer
      Did Defendant:
         Intentionally Change Address?     NO
         Knowingly Change Address?         NO
         Recklessly Change Address from ___ to ___ ? what is changed

Indictment sets forth words:
   1. intentionally
   2. knowingly
   3. recklessly.

When culpability is recklessly indictment
   must also set forth alleged
      acts of recklessness    (Tex Code Crim Proc. 21.15)

Said indictment is not sufficient.
Article 21.15 directs the state
to plead the acts comprising the reckless conduct.

What are the acts of recklessness?
I know I have not intentionally or
knowingly changed address.
I know I am innocent, and not guilty.

I have not remained at the same location
over 168 hours continuously as long as I
have been adult, except in jail. I control
my own mailbox.

Indictment sets forth words:
   reportable convictions

Proof of a "reportable" conviction.
Report means to make known the presence, absence, or condition of. the suffix -able means able to be. able, adj. 1. having the necessary power, skill, or resources.
   Proof of a reportable conviction needs to be with the necessary power, skill, and resources to make known the presence, absence, or condition of a conviction. A fundamental conviction is the act of a competent court.
   Criminal Jurisdiction is determined from the face of an indictment (TCCPA§4.01). When indictment is presented and instrument shows file stamp on its face it is proof the court is competent; but when indictment is not found, presented, and file stamped it is proof the court is Coram Non Judice, and any conviction is VOID and NULL, said court cannot hold accused to answer without power of land;
   (Tex. Const. Art-I, §10) and any plea heard is VOID and NULL.

   Defendant knows that he has not been served a true bill indictment in Dallas County, Texas. Convictions are not Reportable. Computer claims they exist.